IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | COUNT ONE: |
| | ) | **Publishing a Notice of Child Pornography** |
| vs. | ) | 18 U.S.C. §§ 2251(d)(1)(A) and (e) |
| | ) | Mandatory Minimum: 15 years Imprisonment |
| GORDON P. GRANT, | ) | NMT: 30 Years Imprisonment |
| [DOB: 04/30/66], | ) | NMT: $250,000 Fine |
| | ) | Supervised Release: Any Term of Years Not |
| Defendant. | ) | Less Than Five |
| | ) | Class B Felony |
| | ) | $100 Mandatory Special Assessment |
| | ) | |
| | ) | COUNT TWO: |
| | ) | **Attempted Distribution of Child Pornography** |
| | ) | 18 U.S.C. §§ 2252(a)(2) and (b)(1) |
| | ) | Mandatory Minimum: 5 Years Imprisonment |
| | ) | NMT: 20 Years Imprisonment |
| | ) | NMT: $250,000 Fine |
| | ) | Supervised Release: Any Term of Years Not |
| | ) | Less Than Five |
| | ) | Class C Felony |
| | ) | $100 Mandatory Special Assessment |
| | ) | |
| | ) | COUNT THREE: |
| | ) | **Receipt of Child Pornography** |
| | ) | 18 U.S.C. §§ 2252(a)(2) and (b)(1) |
| | ) | Mandatory Minimum: 5 Years Imprisonment |
| | ) | NMT: 20 Years Imprisonment |
| | ) | NMT: $250,000 Fine |
| | ) | Supervised Release: Any Term of Years Not |
| | ) | Less Than Five |
| | ) | Class C Felony |
| | ) | $100 Mandatory Special Assessment |
| | ) | |
| | ) | COUNT FOUR: |
| | ) | **Possession of Child Pornography** |
| | ) | 18 U.S.C. § 2252(a)(4)(B) and (b)(2) |

)     NMT: 10 Years Imprisonment
)     NMT: $250,000 Fine
)     Supervised Release: Any Term of Years Not
)     Less Than Five
)     Class C Felony
)     $100 Mandatory Special Assessment
)
)     COUNT FIVE:
)     **Attempted Transferring a Child for**
)     **Sexual Exploitation**
)     18 U.S.C. § 2251A(a)(1)
)     NLT: 30 Years Imprisonment
)     NMT: Life Imprisonment
)     NMT: $250,000 Fine
)     Supervised Release: Any Term or Years
)     or Life
)     Class A Felony
)     $100 Mandatory Special Assessment
)
)     COUNT SIX:
)     **Attempted Inducing a Child to Engage**
)     **in Sexually Explicit Conduct for**
)     **Production of Visual Depictions**
)     18 U.S.C. § 2251(a) and (e)
)     NLT: 15 Years Imprisonment
)     NMT: 30 Years Imprisonment
)     NMT: $250,000 Fine
)     Supervised Release: Any Term or Years
)     or Life
)     Class B Felony
)     $100 Mandatory Special Assessment
)
)     COUNT SEVEN
)
)     **Enticement of a Child to Engage in**
)     **Prohibited Sexual Conduct**
)     18 U.S.C. § 2422(b)
)     NLT: 5 Years Imprisonment
)     NMT: 30 Years Imprisonment
)     NMT: $250,000 Fine

|   |                                             |
|---|---------------------------------------------|
| ) | NMT: Any Term of Years or Life              |
| ) | Class B Felony                              |
| ) | $100 Special Assessment                     |
| ) |                                             |
| ) | COUNT EIGHT                                 |
| ) | **Enticement of a Child to Engage in**      |
| ) | **Prohibited Sexual Conduct**               |
| ) | 18 U.S.C. § 2422(b)                         |
| ) | NLT: 5 Years Imprisonment                   |
| ) | NMT: 30 Years Imprisonment                  |
| ) | NMT: $250,000 Fine                          |
| ) | NMT: Any Term of Years or Life              |
| ) | Class B Felony                              |
| ) | $100 Special Assessment                     |
| ) |                                             |
| ) | Maximum Punishment if Convicted on All Counts |
| ) | One Hundred-Seventy Years or Life Imprisonment |
| ) | $1,000,000 Fine                             |
| ) | Supervised Release: Any Term of Years Not Less |
| ) | Than Five                                   |
| ) | $800 Special Assessment                     |

## I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about February 6, 2008, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly used the Morpheus and LimeWire file sharing programs to cause notices to be made, printed, and published and the notices offered to display, distribute, and/or reproduce visual depictions, the production of which involved the use of a minor or minors engaging in sexually explicit conduct, and said visual depictions associated with the notices were of such conduct, and the notices were

3

transported in interstate or foreign commerce by any means, to wit: a computer connected to the internet; contrary to the provisions of Title 18, United States Code, Sections 2251(d)(1)(A) and (e).

## COUNT TWO

On or about February 6, 2008, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly attempted to distribute visual depictions, in interstate or foreign commerce by means of a computer and the Internet, and the production of the visual depictions involved the use of a minor or minors engaged in sexually explicit conduct, and the visual depictions were of such conduct; all in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## COUNT THREE

Beginning at a date uncertain, but on or about January 1, 2006 and continuing through February 6, 2008 in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly received visual depictions in interstate or foreign commerce by means of computer and the Internet, and the production of the visual depictions involved the use of a minor or minors engaged in sexually explicit conduct, and the visual depictions were of such conduct; contrary to Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## COUNT FOUR

On or about February 6, 2008, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly possessed one or more films and other matter which contained visual depictions that were transported in interstate or foreign commerce and were produced using materials which had been transported in interstate commerce by any means including by computer, and the production of the visual depictions involved the use of a minor or minors engaged in sexually explicit conduct, and the visual depictions were of such conduct; contrary to Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

## COUNT FIVE

On or about January 1, 2004, to and including, June 30, 2004, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, having custody or control of a minor knowingly transferred custody and control of a minor with knowledge that, as a consequence of the transfer, the minor would be portrayed in a visual depiction engaging in sexually explicit conduct; and attempted to do so; all in violation of Title 18, United States Code, Section 2251A(a)(1).

## COUNT SIX

On or about January 1, 2004, to and including, June 30, 2004, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly employed, used, persuaded, induced, enticed and coerced a minor to engage in sexually

explicit conduct for the purpose of producing a visual depiction of such conduct and knew and had reason to know that the visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce; and attempted to do so; all in violation of Title 18, United States Code, Section 2251(a)and (e).

## COUNT SEVEN

At a date uncertain, but on or about January 1, 2004, to and including, January 1, 2005, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly used a facility and means of interstate commerce, consisting of a telephone line and a cellular telephone network, to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, the following felonies proscribed by the statutes of the State of Missouri: statutory rape in the first degree (Mo. St. 566.032); statutory rape in the second degree (Mo. St. 566.034); child molestation in the first degree (Mo. St. 566.067); child molestation in the second degree (Mo. St. 566.068); statutory sodomy in the first degree (Mo. St. 566.062); and statutory sodomy in the second degree (Mo. St. 566.064); contrary to the provisions of Title 18, United States Code, Section 2422(b).

## COUNT EIGHT

At a date uncertain, but on or about January 1, 2004, to and including, January 1, 2005, in the Western District of Missouri and elsewhere, **Gordon P. Grant**, defendant herein, knowingly used a facility and means of interstate commerce, consisting of a telephone line and a cellular telephone network, to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, the following felonies proscribed by the statutes of the State of Missouri: statutory rape in the first degree (Mo. St. 566.032); statutory rape in the second degree (Mo. St. 566.034); child molestation in the first degree (Mo. St. 566.067); child molestation in the second degree (Mo. St. 566.068); incest (Mo. St. 568.020); statutory sodomy in the first degree (Mo. St. 566.062); and statutory sodomy in the second degree (Mo. St. 566.064); contrary to the provisions of Title 18, United States Code, Section 2422(b).

A TRUE BILL.

/s/ Christopher Stansbury
FOREPERSON OF THE GRAND JURY

/s/ M. Elizabeth Phillips
M. Elizabeth Phillips
Assistant United States Attorney

Date: 2/4/09
Kansas City, Missouri