IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-00045-01-CR-W-SOW |
| | ) | |
| GORDON P. GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's

Office for the Western District of Missouri (otherwise referred to as "the Government" or

"the United States"), represented by Matt J. Whitworth, Acting United States Attorney,

and M. Elizabeth Phillips, Assistant United States Attorney, and the defendant, Gordon P.

Grant ("the defendant"), represented by Larry Pace.

The defendant understands and agrees that this plea agreement is only between

him and the United States Attorney for the Western District of Missouri, and that it does

not bind any other federal, state, or local prosecution authority or any other government

agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead

guilty to Counts One through Four of the indictment charging him in Count One with a

violation of 18 U.S.C. § 2251(d)(1)(A), that is, Publishing a Notice of Child Pornography, in Count Two with a violation of 18 U.S.C. § 2252(a)(2), Attempted Distribution of Child Pornography, in Count Three with a violation of 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography and, in Count Four with a violation of 18 U.S.C. § 2252(4)(B), Possession of Child Pornography.   By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

   **3A.  <u>Factual Basis for Guilty Plea.</u>**  The parties agree that the facts constituting the offense to which he is pleading guilty are as follows:

   On February 6, 2008, the Independence Police Department (IPD) executed a search warrant on Grant's home.  Upon entering Grant's home, officers found Grant's Balance desktop computer on and connected to the Internet.  They also observed that Peer to Peer (P2P) software was running and offering to share files with names consistent with child pornography.  Officers seized the Balance desktop computer along with other electronic items.

   After execution of the search warrant, Det. Matt Fowler of IPD and Det. Shelly Gaddis of the Kansas City Missouri Police Department (KCPD) interviewed Grant.  Grant waived his Miranda rights and admitted to knowing how P2P software works.  Grant explained that he shared the files in his designated folder with other P2P users to increase his ability to access the P2P network.  Although Grant initially denied intentionally

searching for child pornography, he later admitted to searching for, downloading and looking at child pornography using the P2P network.

An analysis of the Balance desktop computer by the Heart of America Regional Computer Forensics Laboratory (HARCFL), found two P2P programs, LimeWire and Morpheus, on the computer. The Morpheus shared folder contained nine child pornography videos and a large number of partial downloads. The LimeWire shared folder contained one child pornography video and a large number of thumbnail images of child pornography.

**3B. <u>Government's Evidence at Trial</u>.** The following evidence is considered by the Government to be relevant conduct which may be used by the Court in the calculation of the Federal Sentencing Guidelines. While the defendant does not admit to this evidence, he stipulates that the Government would present the following evidence at the trial of this matter:

On December 17, 2007, Child Victim #1 disclosed to her mother that Grant sexually abused her for approximately nine years. Child Victim #1 also disclosed that her sister, Child Victim #2, told her that Grant sexually abused Child Victim #2.

Child Victim #1 was interviewed at the Child Protection Center (CPC) on January 11, 2008. During the interview, Child Victim #1 explained that Grant sexually abused her from the time she was 6 or 7 years old until she was approximately 15 years old. Grant would engage in oral, vaginal or anal sex with Child Victim #1 and, in exchange, would

give Child Victim #1 money or goods. Child Victim #1 explained that Grant would pay her between $10-$15 for oral sex and would pay her between $25-$30 for anal sex. Grant would either give her cash or, if she wanted an item that cost more, he would keep the money until she accrued enough for him to purchase the desired item for her. During the interview Child Victim #1 gave many examples of items she had to "earn" through engaging in sex acts with Grant. For example, Grant bought her Air Jordan tennis shoes after she had performed enough sex acts to cover the cost of the shoes. Similarly, Child Victim #1 wanted an electric diary but, "had to work for it because it cost $80."

During the CPC interview, Child Victim #1 specifically described a number of incidents of sexual abuse. For example, when Child Victim #1 was 15 years old (2005), she wanted money to get braids in her hair. Grant gave Child Victim #1 the money for braids but only after she had vaginal and oral intercourse with Grant at his home in Independence, Missouri. Child Victim #1 also specifically recalled the first time she had vaginal intercourse with Grant. The incident took place in 2004, also in Independence, Missouri.

Child Victim #1 also described an incident when she was in 8th grade (2004) in which Grant videotaped himself having vaginal intercourse with her. Child Victim #1 was at home by herself one afternoon and Grant called her to say he was going to stop by her house. She remembers him setting up a video camera and turning the camera on before engaging in vaginal intercourse with her. Although Child Victim #1 did not watch

the video, she recalls Grant watching the video after the incident.  Grant told her he destroyed the video but Child Victim #1 did not witness him destroy the video.

On January 11, 2008, Child Victim #2 was also interviewed at CPC.  She was 14 years old at the time of the interview.  Child Victim #2  disclosed that Grant began having oral and anal sex with her when she was 8 years old and that he gave her money every time he had oral or anal sex with her with payments varying between $10 and $15 per incident.  Child Victim #2 specifically described the first time Grant had her perform oral sex on him in 2001 and an incident involving oral and anal sex some time between 2004 and 2007.

During the Mirandized interview with Detectives Fowler and Gaddis, Grant confessed to having both oral and anal sex with both Child Victim #1 and Child Victim #2.  Although he denied ever having vaginal sex with either victim, he confessed to giving the girls money and gifts in exchange for sex.  Grant corroborated Child Victim #1's statement regarding giving her Air Jordans in exchange for sex, confirming that he told Child Victim #1, "you have to do something for me and I'll go get them."

Grant also confessed to videotaping one incident of sexual abuse with Child Victim #1.  Consistent with Child Victim #1's statement, Grant stated that he videotaped an incident of sexual abuse but later destroyed the video.  At the conclusion of the interview Grant wrote a letter of apology to both girls.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which he is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon his plea of guilty to Count One of the indictment charging him with Publishing a Notice of Child Pornography, the minimum penalty the Court may impose is 15 years imprisonment while the maximum penalty the Court may impose is not more than 30 years of imprisonment, a $250,000 fine, any term of years of supervised release not less than five, restitution and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class B felony.

The defendant understands that upon his plea of guilty to Count Two of the indictment charging him with Attempted Distribution of Child Pornography, the minimum penalty the Court may impose is 5 years imprisonment while the maximum

penalty the Court may impose is not more than 20 years of imprisonment, a $250,000 fine, any term of years not less than five of supervised release, restitution, and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

The defendant understands that upon his plea of guilty to Count Three of the indictment charging him with Receipt of Child Pornography, the minimum penalty the Court may impose is 5 years imprisonment while the maximum penalty the Court may impose is not more than 20 years of imprisonment, a $250,000 fine, any term of years not less than five of supervised release, restitution and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

The defendant understands that upon his plea of guilty to Count Four of the indictment charging him with Possession of Child Pornography, the maximum penalty the Court may impose is not more than 10 years of imprisonment, a $250,000 fine, any term of years not less than five of supervised release, restitution and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

Defendant acknowledges that victims of the crimes to which he is pleading guilty are seeking restitution for their compensable losses. Defendant further acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full

amount of a victim's compensable losses as defined at 18 U.S.C. § 2259(b)(3) and(c) as

may be proved by the United States or stipulated to by the parties. Defendant

acknowledges that the Court may not decline to award restitution because of the

defendant's economic circumstances or the fact that the victims have, or are entitled to,

receive compensation for their injuries from the proceeds of insurance or any other

source.

     **6. Sentencing Procedures.** The defendant acknowledges, understands and agrees

to the following:

     a. in determining the appropriate sentence, the Court will consult
and consider the United States Sentencing Guidelines promulgated by the
United States Sentencing Commission; these Guidelines, however, are
advisory in nature, and the Court may impose a sentence either less than or
greater than the defendant's applicable Guidelines range, unless the
sentence imposed is "unreasonable";

     b. the Court will determine the defendant's applicable Sentencing
Guidelines range at the time of sentencing;

     c. in addition to a sentence of imprisonment, the Court may impose
a term of supervised release of up to any term of years, including life; that
the Court must impose a period of supervised release not less than five
years if a sentence of imprisonment of more than one year is imposed;

     d. if the defendant violates a condition of his supervised release, the
Court may revoke his supervised release and impose an additional period of
imprisonment of up to two years without credit for time previously spent on
supervised release. In addition to a new term of imprisonment, the Court
also may impose a new period of supervised release, the length of which
cannot exceed life, less the term of imprisonment imposed upon revocation
of the defendant's first supervised release;

e.  the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f.  any sentence of imprisonment imposed by the Court will not allow for parole;

g.  the Court may order restitution to be paid to victims of the offense to which he is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity;

h.  an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order entered into at the time of sentencing;

i.  the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

j.  the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7.  Government's Agreements.**  The United States Attorney's Office for the

Western District of Missouri, as part of this plea agreement, agrees that upon the Court

accepting defendant's plea of guilty, accepting the plea agreement entered into by the

parties and sentencing defendant in accordance with the terms of the plea agreement, the

Government will dismiss Count Five of the Indictment, Attempted Transferring a child

for Sexual Exploitation, Count Six of the Indictment, Attempted Inducing a Child to

Engage in Sexually Explicit Conduct For Production of Visual Depictions and Counts

Seven and Eight, Enticement of a Child to Engage in Prohibited Sexual Conduct.  Based

upon evidence in its possession at this time, the United States Attorney's Office for the

Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges for any federal criminal offenses related to publishing a notice of child pornography, distributing child pornography, receiving child pornography or possessing child pornography, for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees

that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8. <u>Preparation of Presentence Report</u>.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. <u>Withdrawal of Plea</u>.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant

can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

b. The applicable Guidelines Manual is the one that took effect on November 1, 2007;

c. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2, which provides for a base offense level of 22;

d. The applicable Guidelines Manual provides for various enhancements for the offense of conviction pursuant to U.S.S.G. § 2G2.2. These enhancements are as follows:

(i) Pursuant to U.S.S.G. § 2G2.2(b)(2), Mr. Grant is entitled to a two point enhancement of his offense level because the material involves a prepubescent minor or a minor that had not attained the age of 12 years;

(ii) Pursuant to U.S.S.G. § 2G2.2(b)(3)(B), Mr. Grant is entitled to a five point enhancement of his offense level because he engaged in distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain;

(iii)  Pursuant to U.S.S.G. § 2G2.2(b)(4), Mr. Grant is entitled to a four point enhancement of his offense level because the offense involves material that portrays sadistic or masochistic conduct or other depictions of violence;

(iv)   Pursuant to U.S.S.G. § 2G2.2(b)(6), Mr. Grant is entitled to a two point enhancement of his offense level because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material;

(v) Pursuant to U.S.S.G. § 2G2.2(b)(7)(C), Mr. Grant is entitled to a four point enhancement of his offense level because the offense involved at least 300 images, but fewer than 600 images; and

e. The parties stipulate and agree that the following three provisions are contested.  The Government will ask the Court to make a finding that they apply and the Defendant may contest the following three enhancement provisions:

(i)  Pursuant to U.S.S.G. § 2G2.2(b)(5), a five point enhancement of the offense level because of a pattern of activity involving the sexual abuse or exploitation of a minor;

(ii) Pursuant to U.S.S.G. § 3A1.1, a two point enhancement because a victim of the offense was a vulnerable victim;

(iii) Pursuant to U.S.S.G. § 4B1.5, a five point enhancement because the offense is a covered offense.

f.  The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.  Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty pleas, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

g.  There is no agreement between the parties regarding the defendant's criminal history category.  The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

h.  The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.  Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

i.  The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range.  The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

j.  The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum.  The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment.  The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

k.  The defendant understands and agrees that the factual admissions contained in Paragraphs 3 and 4 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**11.  Effect of Non-Agreement on Guidelines Applications.**  The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections.  As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.  Change in Guidelines Prior to Sentencing.**  The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option.  If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.  Government's Reservation of Rights.**  The defendant understands that the United States expressly reserves the right in this case to:

> a.  oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

> b.  comment on the evidence supporting the charge in the indictment;

> c.  oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

        d.  oppose any post-conviction motions for reduction of sentence, or other relief.

**14.  <u>Waiver of Constitutional Rights.</u>**  The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

        a.  the right to plead not guilty and to persist in a plea of not guilty;

        b.  the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

        c.  the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

        d.  the right to confront and cross-examine the witnesses who testify against him;

        e.  the right to compel or subpoena witnesses to appear on his behalf; and

        f.  the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial.  The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement.  The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might

be deprived of other rights, such as the right to vote or register to vote, hold public office,

or serve on a jury.

**15.  <u>Waiver of Appellate and Post-Conviction Rights</u>.**

a.  The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b.  The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence.  An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.  However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16.  <u>Financial Obligations</u>.**

By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a.  The Court must order restitution to the victims of the offense to which the defendant is pleading guilty.  The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

b.  The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c.  The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.  The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d.  Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit  (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office.  The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e.  At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f.  The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g.  The defendant understands that a Special Assessment will be imposed as part of the sentence in this case.  The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case.  The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

h.  The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Agreement to Destruction of Biological Evidence.** In accordance with 18 U.S.C. § 3600A(c)(2), the defendant knowingly and voluntarily waives his right to request DNA testing of any biological evidence which may have been obtained or seized by law enforcement in his case. Defendant agrees that all biological

evidence which may have been obtained or seized may be destroyed by law enforcement authorities.

20. **<u>Defendant's Breach of Plea Agreement</u>.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**21. <u>Defendant's Representations</u>.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

**22. <u>No Undisclosed Terms</u>.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**23. <u>Standard of Interpretation</u>.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed

against either party, whether or not that party was involved in drafting or modifying this agreement.

24. **Sex Offender Registration.**  The defendant acknowledges that he has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student.  The defendant also acknowledges that he understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information.  The defendant further acknowledges that he understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not more than three business days after any change of his name, employment or student status. The defendant acknowledges that he has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

25. **Defendant Will Surrender to Custody At The Plea**

The defendant understands that the crimes to which he is pleading, attempted distribution of child pornography, is a "crime of violence," as defined by 18 U.S.C. § 3156(a)(4)( C).  Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain

the defendant after he pleads guilty to the offense.  The defendant hereby agrees not to contest his detention immediately after the guilty plea, and to surrender to the custody of the U.S. Marshals at that time.

Matt J. Whitworth
Acting United States Attorney


Dated: 9/15/09       */s/M. Elizabeth Phillips*
              M. Elizabeth Phillips
              Assistant United States Attorney


   I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this plea agreement and I voluntarily agree to it.


Dated: 9/15/09       */s/Gordon P. Grant*
              Gordon P. Grant
              Defendant


   I am Gordon P. Grant's attorney.  I have fully explained to him his rights with respect to the offense charged in the indictment.  Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case.  I have carefully reviewed every part of this plea agreement with him.  To my knowledge, Gordon P. Grant decision to enter into this plea agreement is an informed and voluntary one.


Dated: 9/15/09       */s/Larry Pace*
              Larry Pace
              Attorney for Defendant